UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AMBROSIO RAMOS,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 1:18-cv-01348-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

       This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 8, 9).

       At a hearing on September 19, 2019, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the decision of the Administrative Law Judge ("ALJ"), on the ground that he improperly rejected the opinion of Plaintiff's treating physician, Dr. Allyn. The Ninth Circuit has held regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Dr. Allyn's opinion is uncontradicted. The Court thus looks to whether the ALJ stated clear and convincing reasons that are supported by substantial evidence for rejecting his opinion.

The relevant portion of the ALJ's opinion is as follows:

> As for opinion evidence, the claimant's treating physician, Lanc Allyn, M.D., opined in a treatment note dated September 2, 2014, that the claimant is unable to function effectively at least at manual labor or even light work due to this right wrist pain. Dr. Allyn further opined that absent improvement in the claimant's right wrist symptoms, he believes the claimant is permanently disabled from any gainful employment unless that employment can be done left handed only [Exhibit 2F/15-16]. Although Dr. Allyn was a treating physician, this opinion is inconsistent with the record as a whole, and was also based on the claimant's condition approximately three years previously. Also, an opinion by a medical source that a claimant is disabled or unable to work does not mean that a claimant is disabled. The determination of disability is an issue reserved to the

Commissioner and, as such, is an administrative finding that directs the determination or decision of disability [20 C.F.R. 416.927(d)]. Further, Dr. Allyn qualified this opinion with 'absent any improvement' in the claimant's right wrist, the claimant would be permanently disabled from gainful employment.

In addition, although the claimant was evaluated as UCSF, and given the recommendation for surgery on his hand, he has still not undergone this surgery. Also, as discussed above, EMG/NCV studies showed only mild to moderate findings. Further, although the claimant testified that he no longer wears wrist splints, because he was advised by his physician not to, and although he has some difficulty getting dressed and holding things with his right hand, he also testified that he can brush his teeth with his right hand, can use utensils for eating, can use his hands to make change in the store, can use a cell phone and can use the television remote. He also testified that he can do household chores such as vacuuming, wiping the shelves off, minimal cooking, and taking out the trash. He further testified that he goes grocery shopping with his wife and although he does not pull items off the shelf, and only uses his left hand, he is able to push the cart and help put the groceries in the car. Dr. Allyn's opinion also does not provide any other work-related limitations for the claimant other than the limitation for his right hand. Further, Dr. Allyn's opinion in inconsistent with the opinion discussed below, which is more recent and which was given more weight, for the reasons discussed below. For these reasons, Dr. Allyn's opinion is given reduced weight.

On January 5, 2016, the claimant's primary care provider, Sampath Wijesinghe, PA, a physician's assistant, placed the claimant off work for six months, indicating that although the claimant cannot work at this time, he might be able to do a training program. Sampath Wijesinghe further noted that the claimant was given six months in the hope that he could obtain the needed surgery for his hand and then be able to return to work [Exhibit 4F/16-17]. Sampath Wijesinghe's opinion is not considered an acceptable medical source when weighing opinion evidence; however, this opinion is included in this discussion because it may be used to show the severity of the claimant's symptoms and how they affect his ability to function [20 CFR 416.913(d)]. Sampath Wijesinghe was also a treating provider and was able to evaluate the claimant in person on more than one treatment visit. In addition, this opinion is consistent with the record as a whole, as well as with the EMG/NCV studies and other medical evidence of record as discussed above. For these reasons, Sampath Wijesinghe's opinion has moderate persuasive value and is given moderate weight.

(A.R. 20).

The ALJ's first reason for the weight given to Dr. Allyn's opinion is that "this opinion is inconsistent with the record as a whole." Without any citation or further explanation, this general statement is not a clear and convincing reason that is supported by substantial evidence for rejecting the opinion.

The ALJ's next reason was that the opinion was based on the claimant's condition approximately three years previously. Similarly, the ALJ later stated that "Dr. Allyn qualified this opinion with 'absent any improvement' in the claimant's right wrist, the claimant would be permanently disabled from gainful employment." (A.R. 19). However, there is no evidence that his wrist condition improved over those three years. He did not ever receive surgery, as discussed below. Plaintiff testified at the hearing that he had broken one of the two main bones in the wrist and the way it grew after "caused dead bone in it." He further testified that "nobody has been able to do anything about it." (A.R. 49). Without any evidence of an improved condition, the date of the opinion was not a legitimate reason supported by substantial evidence.

Next, the ALJ stated the rule that "an opinion by a medical source that a claimant is disabled or unable to work does not mean that a claimant is disabled." (A.R. 19). While this is true, Dr. Allyn's opinion also contained the functional explanation that "he is unable to function effectively at least at manual labor or even light work with the right wrist because of the pain that he has." (A.R. 400). Plaintiff's current challenge is to the failure of the RFC to adequately account for functional limitations with that hand—not the failure to adopt any conclusion about disability.

The ALJ's next reason concerned Plaintiff's failure to obtain surgery. However, the UCSF consultation, referenced without citation by the ALJ, described three options, each with substantial disadvantages and risks. (A.R. 830 (listing three options, one "for pain relief, will likely need salvage later," another "may not be able to return to manual labor," and the third "will lose some motion and will retain strength. May have incomplete pain relief if lunate fossa cartilage is worn," and explaining risks of surgery including "bleeding, infection, damage to the adjacent nerves, arteries and tendons, numbness, chronic pain, stiffness, need for further surgery" among others). Additionally, Plaintiff testified that "That last doctor I went to . . . she didn't know I had nerve damages. So when they found out, they advised me not to have the surgery." (A.R. 49). Based on this record, the failure of Plaintiff to obtain surgery is not a legitimate reason supported by substantial evidence.

The ALJ next cites Plaintiff's supposed use of his right hand in activities of daily living,

stating "that he can brush his teeth with his right hand, can use utensils for eating, can use his hands to make change in the store, can use a cell phone and can use the television remote. He also testified that he can do household chores such as vacuuming, wiping the shelves off, minimal cooking, and taking out the trash." (A.R. 19). The ALJ does not include citations for this assertion. However, Plaintiff testified that he does most of these activities using his left hand:

> Q: You mentioned earlier that you are able to do certain things with—that you're able to do certain activities, for example, using your phone. With regard to your use of the phone, are you using that with your right, with your left, or can you use it with both?
>
> A: I just use my left.
>
> . . .
>
> Q: What about the use of your remote? You said that you could do it. Is that with your right?
>
> A: No, I use my left a lot.
>
> Q: Okay.
>
> A: I've learned to use my left.
>
> Q: If there were coins on the table, are you able to—let's start with your left hand, are you able to pick up the coins from the table?
>
> A: Yeah.
>
> Q: Okay. What about with your right?
>
> A: Yeah, I could pick up coins.
>
> Q: Okay. And then in terms of completing your other tasks that you were describing, the dusting, any of the chores that you do around the house, primarily what is the—what hand are you using primarily now?
>
> A: My left.

(A.R. 61-63). Given this testimony, the ALJ's discussion of Plaintiff's activities of daily living is not supported by substantial evidence.

Finally, the ALJ relied on the opinion of physician assistant Sampath Wijesinghe,

specifically the opinion that "Pt cannot work at this time; but, he may be able to do a training program. Giving 6 months period at this time with the hope that he may have a surgery and then able to get back to his work." (A.R. 488). The ALJ claims that this opinion is inconsistent with Dr. Allyn's opinion, presumably because it states that Plaintiff may be able to work in the future. However, as discussed above, Plaintiff did not receive surgery and his hand function did not improve. A hope that Plaintiff's condition could improve in the future does not provide a legitimate reason to discount Dr. Allyn's opinion when there is no evidence that Plaintiff's hand did improve after six months.

The Court thus finds that the ALJ's rejection of Dr. Allyn's opinion regarding lack of substantial functionality in Plaintiff's right hand is not legally sufficient under the standards discussed above.

## **Conclusion**

The Court thus remands this case to the ALJ and directs the ALJ upon remand to consider whether a person, like Plaintiff, who is limited in right hand function consistent with Dr. Allyn's opinion can perform jobs that existed in significant numbers in the national economy.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: __**October 3, 2019**__  /s/ *Eric P. Groig*
UNITED STATES MAGISTRATE JUDGE