# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBROSIO JOSE RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | 1:18-cv-01348-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA<br><br>(ECF No. 25) |

    Plaintiff, Ambrosio Jose Ramos, moves the Court for an award of $11,131.62 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 25.) Defendant, the Commissioner of Social Security, opposes Plaintiff's motion, contending that the Social Security Administration's position was substantially justified, and that Plaintiff's fee request is unreasonable. The Commissioner argues, alternatively, that any EAJA fees must be made payable to Plaintiff, not his counsel. The Court grants Plaintiff's motion and awards attorney's fees under the EAJA in the amount of $11,131.62.[1]

## I. BACKGROUND

    On September 28, 2018, Plaintiff filed a complaint challenging the denial of benefits by an Administrative Law Judge ("ALJ"). (ECF No. 1.) The Court issued a Scheduling Order outlining procedural steps and corresponding deadlines to be followed in this case. (ECF No. 5-

---

[1] The matter was decided without oral argument based on the parties' briefs.

1

1.) In order to promote early settlement in social security cases, thereby saving time and resources for all parties, the Scheduling Order included a requirement that the parties exchange succinct, confidential letter briefs prior to submitting formal briefs with fully developed arguments to the Court. (*Id.*) This process allows the parties to vet and discuss potential reasons for remanding the matter, so as to obviate formal briefing and adjudication on the merits by the Court if the case can be resolved informally. The Scheduling Order indicates that an opening brief is to be filed with the Court only in the event that the Commissioner does not agree to remand the matter. (*Id.* at 2.)

In this case, the Commissioner did not agree to remand the matter for further proceedings, and the parties proceeded with formal briefing. (ECF Nos. 17, 20, 22.) The Court heard oral argument from the parties on September 19, 2019 (*see* ECF No. 23), and subsequently issued an order and final judgment in favor of Plaintiff and against Defendant (ECF No. 24). Plaintiff then filed the instant motion for attorney fees. (ECF No. 25.)

## II. DISCUSSION

The Equal Access to Justice Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### A. **The Commissioner's Position was not "Substantially Justified"**

An applicant for Social Security benefits attaining a remand under sentence four of 42 U.S.C. § 405(g) is entitled to attorney fees under the EAJA, unless the Court finds that the Commissioner's position was "substantially justified" or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 869-870 (9th Cir. 2013). The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id*. Thus, if the underlying agency action, here the ALJ's determination, was not

substantially justified, an award of attorney fees is warranted. *Id*. at 870-72 (holding that if the underlying agency action—here, the ALJ's decision—was not substantially justified, the court must award fees and need not address whether the government's litigation position was justified). Alternatively, even if the government's position at the agency level was substantially justified, attorney fees are still warranted if the government's subsequent litigation position is not substantially justified. *Id*. "It is the government's burden to show that its position was substantially justified." *Id.* at 870.

"Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id*. (internal quotation marks and citation omitted). Put differently, to be substantially justified, "the government's position must have a reasonable basis both in law and fact." *Id*.

Here, Defendant asserts that the Commissioner's position was substantially justified. (ECF No. 26 at 2.) However, Defendant provides no argument in support of this assertion. (*See id.*) Further, as the Court noted in its Final Judgement and Order Regarding Plaintiff's Social Security Complaint, the ALJ's rejection of treating physician Dr. Allyn's opinion regarding lack of substantial functionality in Plaintiff's right had was not legally sufficient. (ECF No. 24 at 6.) Specifically, the ALJ failed to state clear and convincing reasons supported by substantial evidence in the record for rejecting Dr. Allyn's opinion. (ECF No. 24 at 2-6.)

The Court finds that the Commissioner has not met his burden of demonstrating that defense of the ALJ's decision was substantially justified. *See Meier*, 727 F.3d at 870, 872 (9th Cir. 2013) (that ALJ decision is not supported by substantial evidence is a strong indication that the Commissioner's defense of the ALJ decision was not substantially justified). Accordingly, Plaintiff is entitled to reasonable attorney fees under the EAJA.

**B. Reasonableness of Plaintiff's Requested Attorney Fees**

Defendant argues that even if Plaintiff is entitled to EAJA fees, the amount of fees requested is unreasonable.

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). By statute, hourly rates for attorney fees

under the EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. *Id.*; *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. In the Ninth Circuit, the statutory maximum EAJA rates for the year at issue in this case is $205.25 (2019).[2]

Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in private practice would do. *Hensley,* 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The Court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff requests an hourly rate of $204.25, which is just under the maximum statutory rate of $205.25 for 2019.[3] (ECF No. 23 at 8.) The Court finds this hourly rate, in light of the quality of counsel's work and results obtained, to be reasonable.

Plaintiff requests compensation for a total of 54.5 hours of attorney time. (*See* ECF No. 25 at 5, 12-13.) Plaintiff's counsel provides the following details for the hours for which Plaintiff

---

[2] *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.
[3] The Commissioner does not challenge Plaintiff's request for the hourly rate of $204.25.

4

seeks an award of fees. Counsel represents that this is the time he spent preparing and handling this case before the U.S. District Court:

| Description | Time |
|---|---|
| Receipt and preliminary review of Defendant's answer and the 896 page administrative transcript | 1.5 |
| Review of file; issue identification | 7.0 |
| Continued review of file with legal research | 5.0 |
| Continued review of file | 4.5 |
| Review of ALJ's decision, hearing testimony, and medical file, draft letter brief | 2.1 |
| Submission of Plaintiff's letter brief | 0.0 |
| Receipt and review of Defendant's response to Plaintiff's settlement letter | 0.1 |
| Draft and submit extension request to defense | 0.0 |
| Review 896 page administrative record making notes regarding relevant medical for brief writing | 1.7 |
| Draft brief summary of procedural status and background | 1.5 |
| Identify arguments, researching and reviewing regulations, rulings, and case law regarding weighing opinion evidence, treating physician opinions, supporting the RFC with opinions of limitations, ALJ's selective evaluation of evidence | 2.7 |
| Draft detailed statement of relevant facts regarding medical treatment and testimony | 5.5 |
| Draft memorandum of law on argument points, incorporating relevant medical facts and research, counterpoints to ALJ findings | 6.0 |
| Review final brief checking content and citations | 1.5 |
| Submitted Plaintiff's opening brief | 0.0 |
| Received defense request for extension; reviewed/replied | 0.1 |
| Received defense's brief. Reviewed. Researched responses | 0.5 |
| Received minute order for oral hearing | 0.1 |
| Reviewed Defendant's memorandum of law, making note on points for reply | 1.3 |
| Research Defendant's counterpoints and review supporting case law for applicability/distinction; and draft reply to Defendant's response | 3.8 |
| Finalized and submitted reply | 2.0 |
| Preparation for oral argument | 5.0 |
| Oral hearing | 1.5 |
| Post hearing review | 1.0 |
| Receipt and review of judgment remanded case | 0.1 |
| **Total** | **54.5** |

(ECF No. 5 at 12-13.)

Plaintiff contends that the time counsel spent on the case is reasonable, and well within the limit of what has been characterized as reasonable when compared to similar Social Security appeals before this Court.

Defendant contends that Plaintiff's fee request is unreasonable. Defendant points out that Plaintiff's counsel "has a long history of representing Plaintiff and essentially made the same arguments here as he had before the ALJ"; that Plaintiff's counsel's firm has represented Plaintiff since 2016; and that Plaintiff's counsel, Jonathan Pena, represented Plaintiff before the ALJ, including filing a detailed brief before the ALJ summarizing all the medical evidence and

representing Plaintiff in the hearing before the ALJ. (ECF No. 26 at 3.) Defendant argues that thus "the time spent before the court attributed to reviewing the administrative transcript, doing research, and making arguments is duplicative and must be eliminated." (*Id.*) Defendant cites to the similarity between arguments that Plaintiff made before the ALJ, in Plaintiff's letter brief to Defendants, and in Plaintiff's briefing before this Court. (*Id.* at 3-4.) Defendant also argues that the 39 hours claimed for reviewing the administrative record, doing research, and drafting arguments is "duplicative billing" because the "work had already been performed before the ALJ." (*Id.* at 4.)

The Court does not find Defendant's arguments, under the circumstances of this case, to warrant a decrease in the award of fees. Despite Plaintiff's counsel's familiarity with the case, and representation of Plaintiff before the ALJ, it was not unreasonable or duplicative for him to spend time re-familiarizing himself with the case by reviewing the administrative transcript, conducting research, and drafting arguments in support of remand. Moreover, the Court finds the amount of time spent by counsel in doing so to be reasonable in light of the issues in the case and the 896 pages of administrative record.

Defendant also argues that Plaintiff unreasonably included 1.5 hours for receipt and review of Defendant's answer, even though no answer was filed. A review of Plaintiff's detailed billing statement shows that the 1.5 hours was for receipt and preliminary review of Defendant's answer *and* administrative transcript. As set out in the Court's scheduling order, the filing of the administrative record is deemed to be an "answer." (See ECF No. 5-1 at 2 ("The filing of the administrative record shall be deemed an answer to the complaint.").) Thus, this billing entry appears to simply be an acknowledgement that the administrative record is the "answer."

Defendant points out that Plaintiff's opening brief was over 15 pages long and did not include a table of authorities and thus violated the Local Rules. While Defendant is correct that Local Rule 133(k) requires briefs exceeding 15 pages to include an indexed table of contents and table of authorities, the Court does not find the violation of this rule in this case to warrant a reduction in an attorney's fee award under the EAJA.

In reviewing Plaintiff's hours, the Court is mindful that, "[b]y and large, the court should

defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [she] won, and might not have, had [she] been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). With this deference in mind, and considering the circumstances of this case, including the size of the administrative record and that the case was fully briefed, and oral argument was presented, the Court finds the claimed 54.5 hours be a reasonable amount of time for counsel to have expended representing Plaintiff in this matter. *See, e.g., Schneider v. Colvin*, No. 1:14-cv-0034-SKO, 2016 WL 500595 at *4 (E.D. Cal. Feb. 2, 2016) ("[T]he Court finds the claimed 55.4 hours represent a reasonable amount of time for an attorney to expend on this particular matter, and the Court declines to conduct a line-by-line analysis of counsel's billing entries."); *Kuharski v. Colvin*, No. 2:12-cv-1055-AC, 2015 WL 1530507, *1-2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded where claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, No. Civ. S-07-0849 DAD, 2011 WL 4971890, *2 (E.D. Cal. Oct. 19, 2011) (58 hours awarded where cross-motions for summary judgment filed by the parties); *Watkins v. Astrue*, No. Civ S-06-1895 DAD, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours where cross-motions for summary judgment filed, the administrative record was 700 pages and opening brief was 55 pages long); *Vallejo v. Astrue*, No. 2:09–cv–03088 KJN, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed); *Dean v. Astrue,* No. CIV S–07–0529 DAD, 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf).

**C. Payment of Fees Directly to Plaintiff**

Finally, Defendant argues that any fee award should be made directly to Plaintiff. Under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. In light of *Astrue*, and the discretionary authority of the government to accept or not accept an assignment of fees, the Court finds it appropriate to order the EAJA fees be made payable to Plaintiff and delivered to the offices of Plaintiff's counsel,

subject to any government debt offset and subject to the government's decision on whether to waive the requirements under the Anti-Assignment Act.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds Plaintiff's counsel reasonably expended 54.5 hours litigating this case, at an hourly rate of $204.25 for a total award of $11,131.62. Accordingly,

1. Plaintiff's motion for attorney fees and expenses under the EAJA (ECF No. 25) is GRANTED;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $11,131.62;

3. The Commissioner is respectfully directed to determine whether Plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, to cause payment of fees to be made directly to Plaintiff unless the Government decides to accept the assignment of fees; and

4. The Commissioner is directed to mail the payment to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: **February 5, 2020**  /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE